UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRY L. ANDERSON,

      Plaintiff,

v.               Case No. 17-cv-493-pp

WARDEN MALONE, JOHN DOE,
BRUCE E., CO WEISE,
CO PEKENOW, SGT ROBINSON,
and CAPTAIN BRICK,

      Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING PLAINTIFF'S COMPLAINT, ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT, DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (DKT. NO. 1 AT P. 4) AND DENYING PLAINTIFF'S MOTION TO HAVE HIS SOCIAL WORKER SEND HIS PROPERTY TO HIM (DKT. NO. 7)**

  On April 5, 2017, the plaintiff filed a complaint under §1983, alleging that the defendants were violating his constitutional rights. Dkt. No. 1. He also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. On April 19, 2017, the plaintiff filed a motion asking the court to order his social worker to mail his legal documents to him. Dkt. No. 7. This decision resolves the plaintiff's motions and screens his complaint.

**I.  Motion for Leave to Proceed without Prepayment of the Filing Fee**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with

his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On April 18, 2017, the court decided that the plaintiff lacked sufficient funds to pay an initial partial filing fee, so it waived that requirement. Dkt. No. 6. The court will grant the plaintiff's motion to proceed without prepayment of the filing fee, and will require him to pay the entire $350 filing fee over time as explained at the end of this decision.

## II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United

2

States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. The Plaintiff's Allegations

The plaintiff alleges that "every time [he does] legal work or get[s] on a religious diet prison staff retaliate against [him] with psychological warfare mindgames headgames chaos confusion." Dkt. No. 1 at 2. The plaintiff states that he is under attack from the warden, guards, unit managers and even nurses. Id. at 3. He states that they are attacking him with mindgames, spiritual warfare and evil spirits. Id. He alleges that these attacks occur, not just when he does legal work or gets on a religious diet, but when he practices religion and politics and "African American studies." Id. at 2.

The plaintiff also alleges that when he is "short something on [his] special diet," he has observed officers going into the control center and coming back with items that only he gets; in other words, he alleges that officers are holding his food in the control center and not giving him anything to replace it. Id. at 3. He also alleges that his life is in danger, that his food is tampered with and that someone is spitting in it. Id.

B.  The Court's Analysis

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id.

The plaintiff's allegations are too vague and conclusory to state a claim for which a court can grant relief. The plaintiff says that he is being attacked by prison staff, and he mentions the warden, the security director, sergeants, security guards, unit managers and nurses. He does not name any of these individuals. In the caption of his complaint, he names "MSDF Warden—Malone," as well as two kitchen managers, "Bruce E C.O. Weise-Pekenow-Lt. Al Sgt. Robinson, Sgt. Captain Brick et al," but he does not describe the specific actions that each of these people took toward him, or how each of them

4

allegedly violated his rights. He says that prison staff members are attacking him with "mind games," "psychological warfare," "head games" and "spiritual warfare," but he does not describe the mind games, or the warfare. He does specifically state that someone is tampering with his food, spitting in his food, and taking his "special diet" food without replacing it. But he doesn't tell the court *who* is doing these things. He does not say what special diet he believes he should be on. He does say that he practices Islam and Egyptian Paganism (which he describes as a "combo of all religions"), but he does not explain whether he has asked for a special Muslim diet (or a special diet for Egyptian pagans), or say whether anyone denied him that request and who that person was.

In order for the court to decide whether a particular prison staff member has violated an inmate's constitutional rights, the court must know the "who, what, when, where and why" about the alleged constitutional violations. It needs to know the name of the staff member, what specific actions that staff member took, when the staff member took those actions, where the staff member took the actions and, if the plaintiff knows, why the staff member took the actions. The court needs to know this information with regard to each person the plaintiff believes violated his rights. If the plaintiff does not know the name of the person who he believes violated his rights, he can give information such as "the sergeant who works in the control center during first shift," or "Lt. Al, the supervisor on third shift."

The plaintiff should be aware that under §1983, only prison officials who are personally responsible for a constitutional violation can be liable. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). In other words, an individual defendant must have caused or participated in a constitutional violation in order to be liable under §1983. Hildebrandt v. Ill. Dept. of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003). For a supervisor to be liable, the supervisor "must [have] know[n] about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye [to it]." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). The plaintiff should identify only those people who had a direct role in violating his rights.

The court will give the plaintiff the opportunity to file an amended complaint to correct the problems the court has identified. If the plaintiff wants to proceed, he must file the amended complaint in time for the court to receive it by the end of the day on **April 20, 2018**. If the plaintiff does not file an amended complaint by the end of the day on April 20, 2018, the court will dismiss his case based on his failure to diligently prosecute it. See Civil L.R. 41(c). If the plaintiff no longer wants to pursue the case, he does not need to take any further action.

If the plaintiff *does* want to pursue the case, the court is sending the plaintiff a blank complaint form to use in filing the amended complaint. The amended complaint takes the place of the prior complaint, and must be complete in itself; the plaintiff cannot simply say, "Look at my first complaint for further information." See Duda v. Bd. of Educ. of Franklin Park Pub. Sch.

Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). When a plaintiff files an amended complaint, the previous complaint "is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). The plaintiff should write the word "Amended" in front of the word "Complaint" on the form, and put his case number—17-cv-493—in the space provided. When writing his amended complaint, the plaintiff should provide the court with enough facts to answers to the following questions: 1) Who violated his constitutional rights? 2) How did each person violate his rights? 3) Where did each person violate his rights? and 4) When did each person violate his rights? The plaintiff's complaint does not need to be long, or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate the plaintiff's rights.

If the plaintiff files an amended complaint, the court will screen it under 28 U.S.C. §1915A.

## III. Request for Appointment of Counsel

In his complaint, the plaintiff told the court that he was not competent to represent himself, and asked the court to appoint counsel to assist him. Dkt. No. 1 at 4. He indicates that he has post-traumatic stress disorder, a heart problem, anxiety and trouble breathing. He says that he is not very stable, and that while sometimes he feels okay, other times he does not. Id.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyiola, 718 F.3d 692, 696

(7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff does not state that he tried to find an attorney on his own. That means that he has not satisfied that initial requirement of making a reasonable effort to find an attorney. The plaintiff should contact at least three attorneys (he can do it by writing letters to those attorneys) and ask them if they will represent him. If those three attorneys decline to represent the plaintiff, or don't respond in a reasonable time (about a month), then the plaintiff can satisfy the first requirement by letting the court know the names of the lawyers and how (or if) they responded.

At this point, however, even if the plaintiff had satisfied the requirement that he try to find a lawyer on his own, the court would not grant his motion. The court needs more information from the plaintiff to determine whether he is able to state a claim. The court has many, many cases filed by inmates who are

representing themselves. Most of them don't have any money to hire a lawyer. Most of them don't have any legal training. Many of them suffer from mental, emotional or physical problems. Most of them ask the court to appoint lawyers to represent them. The court does not have funds to pay lawyers to represent inmate plaintiffs; it relies on volunteer lawyers. There are not enough volunteer lawyers to represent every inmate plaintiff who asks for one. Because there aren't enough volunteer lawyers, the court will appoint a lawyer only in those cases where the plaintiff has stated a claim against an identified defendant, and only when it is satisfied that the plaintiff does not have the ability to litigate that claim himself.

The court will deny the plaintiff's request to appoint counsel without prejudice. That means that if the plaintiff files an amended complaint that the court concludes does state a claim or claims against specific defendants, the plaintiff may renew his request for a lawyer once the court allows him to proceed on that claim (or those claims).

**IV.    Motion for Legal Materials**

The plaintiff filed a motion asking the court to order his social worker to send him his legal materials. Dkt. No. 7. The social worker is not a party in this case, so the court does not have authority to order her to do anything. In addition, the court will not interfere with institution policies about how much or what kind of personal property a prisoner may keep in his cell.

If the plaintiff files an amended complaint and the court finds that that amended complaint states a claim, the plaintiff may use a process called

"discovery" to ask the defendants written questions (called interrogatories) or to request documents that he thinks will help him support his claim. See Federal Rules of Civil Procedure 33, 34. The court cautions the plaintiff, however, that he cannot ask the defendants for discovery until after (a) he files an amended complaint, (b) the court reviews it and allows him to proceed on a claim, (c) the defendants file an answer in response to the plaintiff's amended complaint, and (d) the court enters a scheduling order. Right now, the only thing the plaintiff should focus on is preparing an amended complaint and sending it to the court before the **April 20, 2018** deadline.

## V. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request that the court appoint counsel to represent him. Dkt. No. 1 at 4.

The court **DENIES** the plaintiff's motion to have his social worker send his property to him. Dkt. No. 7.

The court **ORDERS** that, if the plaintiff wants to proceed with this lawsuit, he must file an amended complaint in time for the court to receive it by the end of the day on **April 20, 2018**. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to diligently pursue it. If the plaintiff no longer wants to pursue this lawsuit, he does not need to take any further action.

The court **ORDERS** the agency having custody of the prisoner to collect from his institution trust account the $350 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining account balance, to the receiving institution.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he does not file documents or take other court-ordered actions by the deadlines the court sets, the court might dismiss his case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

The court will mail a copy of this order to the officer in charge of the Milwaukee Secure Detention Facility.

Dated in Milwaukee, Wisconsin this 23rd day of March, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**